IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **MAYOR AND CITY COUNCIL OF** | ) |
|   **BALTIMORE CITY, A MUNICIPAL** | ) |
|   **CORPORATION,** | ) |
|     **City Hall** | ) |
|     **100 North Holliday Street** | ) |
|     **Baltimore, Maryland 21202,** | ) |
| | ) |
| **BALTIMORE FESTIVAL OF** | ) |
|     **THE ARTS, INC.,** | ) |
|     **Ten East Baltimore Street** | ) |
|     **Tenth Floor** | ) |
|     **Baltimore, Maryland 21202,** | ) |
| | ) |
| **And** | ) |
| | ) |
| **BALTIMORE OFFICE OF** | ) |
|   **PROMOTION & THE ARTS, INC.,** | ) |
|     **Ten East Baltimore Street** | ) |
|     **Tenth Floor** | ) |
|     **Baltimore, Maryland 21202,** | ) |
| | ) |
|          **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BROOKE ALLEN,** | )       **Civil Action No. _____** |
|     **620 West University Parkway** | ) |
|     **Baltimore, Maryland 21210,** | ) |
| | ) |
| **JUSTIN ALLEN,** | ) |
|     **620 West University Parkway** | ) |
|     **Baltimore, Maryland 21210,** | ) |
| | ) |
| **WHAT WORKS STUDIO, LLC,** | ) |
|     **Suite 200** | ) |
|     **519 North Charles Street** | ) |
|     **Baltimore, Maryland 21201,** | ) |
| | ) |
|     **SERVE:  Brooke Allen** | ) |
|             **Resident Agent** | ) |
|             **620 West University Parkway** | ) |
|             **Baltimore, Maryland 21210,** | ) |
| | ) |

AND                                          )
                                             )
**LIGHT CITY, LLC**                          )
    **620 West University Parkway**    )
    **Baltimore, Maryland 21210,**     )
                                             )
    **SERVE:  Justin Allen**           )
        **Resident Agent**   )
        **620 West University Parkway**   )
        **Baltimore, Maryland 21210,**   )
                                             )
        **Defendants.**         )
_____      )

## COMPLAINT
### (Lanham Act; Common-Law Unfair Competition;
### Injunctive And Declaratory Relief; Compensatory And Punitive damages)

Plaintiff Mayor and City Council of Baltimore City, a municipal corporation, plaintiff Baltimore Festival of the Arts, Inc., and  plaintiff Baltimore Office of Promotion & The Arts, Inc. assert claims pursuant to the Lanham Act, 15 U.S.C. § 1125, and under Maryland law against defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, arising from defendants' misrepresentations regarding trademarks and service marks belonging to plaintiffs Baltimore Festival of the Arts, Inc. and Baltimore Office of Promotion & The Arts, Inc.  Plaintiff Mayor and City Council of Baltimore City, plaintiff Baltimore Festival of the Arts, Inc., and plaintiff Baltimore Office of Promotion & The Arts, Inc. seek temporary, preliminary, and permanent injunctive relief, a judgment declaring their rights with regard to these trademarks and service marks, and compensatory and punitive damages, plus their costs in this action, including a reasonable attorney's fee.  In support of their claims, Plaintiff Mayor and City Council of Baltimore City, plaintiff Baltimore Festival of the Arts, Inc., and plaintiff Baltimore Office of Promotion & The Arts, Inc. allege as follows.

## PARTIES

1.      Plaintiff Mayor and City Council of Baltimore City (hereinafter "Mayor and City Council") is a municipal corporation organized and  operating under the laws of the State of Maryland, located at 100 North Holliday Street, Baltimore, Maryland.

2.      Baltimore Festival of the Arts, Inc. (hereinafter "BFAI") is a non-stock, not-for-profit corporation organized and operating under the laws of the State of Maryland with its principal place of business at Ten East Baltimore Street, Tenth Floor, Baltimore, Maryland 21202.

3.      Plaintiff Baltimore Office of Promotion & The Arts, Inc. (hereinafter "BOPA") is a non-stock, not-for-profit corporation organized and operating under the laws of the State of Maryland with its principal place of business at Ten East Baltimore Street, Tenth Floor, Baltimore, Maryland 21202.

4.      Defendant Brooke Allen is an adult citizen of the State of Maryland residing at 620 University Parkway, Baltimore, Maryland 21210.

5.      Defendant Justin Allen is an adult citizen of the State of Maryland residing at 620 University Parkway, Baltimore, Maryland 21210.

6.      Defendant What Works Studio, LLC is a limited liability company organized and operating under the laws of the State of Maryland with its principal place of business at Suite 200, 519 North Charles Street, Baltimore, Maryland 21201.

7.      Defendant Brooke Allen and defendant Justin Allen are the owners, principals, and managing agents of defendant What Works Studio, LLC.

8.      Defendant Light City, LLC is a limited liability company organized and operating under the laws of the State of Maryland with its principal place of business at 620 University Parkway, Baltimore, Maryland 21210.

9.      Defendant Brooke Allen and defendant Justin Allen are the owners, principals, and managing agents of defendant Light City, LLC.

## JURISDICTION AND VENUE

10.      The Court has personal jurisdiction over defendant Brooke Allen and defendant Justin Allen because each resides in the State of Maryland.

11.      This Court has personal jurisdiction over defendant What Works Studio, LLC and over defendant Light City, LLC because each is organized under the laws of the State of Maryland and maintains its principal place of business in Baltimore, Maryland.

12.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1338 & 1367.

13.      Venue is proper in this judicial District pursuant to 28 U.S.C. §§ 1391(b) & (c) because defendants are all located in this judicial District, and also because a substantial portion of the conduct giving rise to the claims of plaintiffs against defendants occurred in this judicial District.

## ALLEGATIONS OF FACT COMMON TO ALL CLAIMS

14.      Plaintiff Mayor and City Council is a municipal corporation.

15.      Plaintiff BFAI is non-profit corporation exempt from taxation pursuant to § 501(c)(3) of the Internal Revenue Code of the United States.

16.      Plaintiff BOPA is non-profit corporation exempt from taxation pursuant to § 501(c)(3) of the Internal Revenue Code of the United States.

17.      Plaintiff Mayor and City Council provides annual funding to plaintiff BFAI and plaintiff BOPA, in return for which plaintiff BFAI and plaintiff BOPA undertake certain City-sanctioned events on behalf of plaintiff Mayor and City Council.

18.     Within the scope of work that plaintiff BFAI and plaintiff BOPA undertake on behalf of plaintiff Mayor and City Council, plaintiff BFAI and plaintiff BOPA develop, plan, organize, produce, manage, sponsor, operate, and fund and raise funds for a number of arts-related festivals and projects and other cultural events in Baltimore City, such as Artscape and the Baltimore Book Festival.

19.     Defendants Brooke Allen and Justin Allen own and operate defendant What Works Studio, LLC, which they describe on the firm's website as a "marketing and creative agency."

20.     On or about December 19, 2013, defendant Brooke Allen filed Articles of Organization with the Maryland State Department of Assessments and Taxation for a limited liability company named "Light City LLC," which those Articles of Organization identified as "an event management and production company."  A true and complete copy of these Articles of Organization is attached to this Complaint as Exhibit 1, and incorporated herein by reference.

21.     In or about March 2014, defendants Brooke Hall, Justin Allen, and What Works Studio, LLC raised with plaintiff BFAI and plaintiff BOPA the idea that plaintiff BFAI and plaintiff BOPA would undertake to develop, plan, organize, produce, manage, sponsor, operate, and fund a light festival in Baltimore similar to light festivals that had been held in other cities outside the United States, tentatively to be called "Light City."

22.     Defendants Brooke Allen, Justin Allen, and What Works Studio, LLC told plaintiff BFAI and plaintiff BOPA that, for several months, they had been trying to organize such a light festival, meeting with potential sponsors, funders, vendors, participants, organizers, and others.

23.     Defendants Brooke Allen, Justin Allen, and What Works Studio, LLC told plaintiff BFAI and plaintiff BOPA that after making such efforts over an extended period, they, defendants, had come to realize that they could not themselves develop, plan, organize, produce, manage, sponsor, operate, or fund such a festival.

24.     Defendants Brooke Allen, Justin Allen, and What Works Studio, LLC told plaintiff BFAI and plaintiff BOPA that they wanted plaintiff BFAI and plaintiff BOPA to develop, plan, organize, produce, manage, sponsor, operate, and fund such a festival.

25.     In these initial discussions, plaintiff BFAI and plaintiff BOPA told defendants Brooke Allen, Justin Allen, and What Works Studio, LLC that plaintiff BFAI and plaintiff BOPA would only enter into such an undertaking on behalf of plaintiff Mayor and City Council.

26.     In these initial discussions, plaintiff BFAI and plaintiff BOPA told defendants Brooke Allen, Justin Allen, and What Works Studio, LLC that plaintiff BFAI and plaintiff BOPA would only enter into such an undertaking if plaintiff BFAI and plaintiff BOPA owned and controlled all aspects of the festival, on behalf of plaintiff Mayor and City Council.

27.     In these initial discussions, plaintiff BFAI and plaintiff BOPA also told defendants Brooke Allen, Justin Allen, and What Works Studio, LLC that plaintiff BFAI and plaintiff BOPA would only enter into such an undertaking if plaintiff BFAI and plaintiff BOPA owned all trademarks and service marks associated with the festival.

28.     In these initial discussions, plaintiff BFAI and plaintiff BOPA further told defendants Brooke Allen, Justin Allen, and What Works Studio, LLC that plaintiff BFAI and plaintiff BOPA would only enter into such an undertaking on the understanding that neither defendants Brooke Allen, Justin Allen, and What Works Studio, LLC, or any other person or entity, would be a partner, joint venturer, manager, or owner of the festival.

29.     Defendant Brooke Allen, defendant Justin Allen, and defendant What Works Studio, LLC stated to plaintiff BFAI and plaintiff BOPA that defendants, and each of them, understood and agreed to these conditions.

30.     Through the rest of 2014, plaintiff BFAI and plaintiff BOPA, along with plaintiff Mayor and City Council, engaged in extensive planning activities to explore what it would entail to develop, plan, organize, produce, manage, sponsor, operate, and fund such a festival in Baltimore.

31.     On December 11, 2014, the staff of plaintiff BFAI presented to a joint meeting of the board of directors of plaintiff BFAI and the board of directors of plaintiff BOPA a proposal for plaintiff BFAI and plaintiff BOPA to take on all responsibility for developing, planning, organizing, producing, managing, sponsoring, operating, and raising funds for a light festival to be held in Baltimore City in 2016, to be known as "Light City Baltimore."

32.     In this December 11, 2014, joint board meeting, the board of directors of plaintiff BFAI and the board of directors of plaintiff BOPA adopted the proposal that plaintiff BFAI and plaintiff BOPA to take on all responsibility for developing, planning, organizing, producing, managing, sponsoring, operating, and raising funds for a light festival to be held in Baltimore City in 2016, to be known as "Light City Baltimore," providing that plaintiff BOPA, acting through plaintiff BFAI, would serve as fiduciary for Light City Baltimore 2016.

33.     In the same meeting, the board of directors of plaintiff BFAI voted to give defendant Brooke Allen, defendant Justin Allen, and defendant What Works Studio, LLC, collectively, one seat as a full voting member of the board of directors of plaintiff BFAI.

34.     Plaintiff BFAI and plaintiff BOPA in early 2015  presented to plaintiff Mayor and City Council their plan for plaintiff BFAI and plaintiff BOPA to take on all responsibility for

developing, planning, organizing, producing, managing, sponsoring, operating, and raising funds for a light festival to be held in Baltimore City in 2016, to be known as "Light City Baltimore."

35.     Plaintiff Mayor and City Council thereafter approved this plan and added the responsibility for developing, planning, organizing, producing, managing, sponsoring, operating, and raising funds for a light festival to be held in Baltimore City in 2016, to be known as "Light City Baltimore" to the scope of work that BOPA would perform for plaintiff Mayor and City Council in 2016.

36.     Plaintiff BFAI and plaintiff BOPA then, under the supervision and oversight of plaintiff Mayor and City Council, went to work on developing, planning, organizing, producing, managing, sponsoring, operating, and raising funds for Light City Baltimore 2016.

37.     Plaintiff BFAI thereafter negotiated and entered into numerous contracts for Light City Baltimore 2016.  For example, plaintiff BFAI entered into contracts for light art commissions, musicians, dancers, performers, logistics consultants, advertising, marketing, operations professionals, public relations, and lighting production technical companies.

38.     Plaintiff BFAI and plaintiff BOPA expended in total approximately $3,800,000.00 on Light City Baltimore 2016.

39.     On or about February 6, 2015, defendant What Works Studio, LLC submitted a written proposal to plaintiff BFAI and plaintiff BOPA calling for defendant What Works Studio, LLC to design and develop a logo for Light City Baltimore 2016, to design a website for Light City Baltimore 2016, and to develop a comprehensive plan for the conference portion of Light City Baltimore 2016 only that included recommendations for the programming of and speakers at the conference portion of Light City Baltimore 2016. and for

40.     On or about February 9, 2015, plaintiff BFAI executed the contract proposed by defendant What Works Studio, LLC on or about February 6, 2015.  A complete and accurate copy of this February 9, 2015, contract is attached to this Complaint as Exhibit 2, and is incorporated herein by reference.

41.     The contract between defendant What Works Studio, LLC and plaintiff BFAI dated February 9, 2015, Exhibit 2 to this Complaint, included the following provision, entitled "Ownership:"

> "WWS acknowledges and agrees that it is being hired by BOPA/BFAI to develop the LCB [LIGHT CITY BALTIMORE] logo, brand identity, website and other materials and that: (1)BOPA/BFAI/LCB [LIGHT CITY BALTIMORE] logos, trade names, trademarks and service marks (collectively, 'Marks) are and shall remain the sole property of BOPA/BFAI/LCB [LIGHT CITY BALTIMORE].   Additionally, the domain names (lightcitybaltimore.org and lightcitybaltimore.com) will be the property of BOPA/BFAI/LCB [LIGHT CITY BALTIMORE]."  Exhibit 2, at 5.

42.     On or about March 20, 2015, defendant Brooke Allen filed Articles of Cancellation with the State of Maryland dissolving the entity called Light City LLC.  A complete and accurate photocopy of these Articles of Cancellation is attached to this Complaint as Exhibit 3, and is incorporated herein by reference.

43.     On or about July 15, 2015, defendant What Works Studio, LLC submitted a contract to plaintiff BFAI and plaintiff BOPA calling for defendant What Works Studio, LLC to assist in the planning and implementation of the conference events for Light City Baltimore 2016.

44.     On or about July 22, 2015, plaintiff BFAI executed the contract proposed by defendant What Works Studio, LLC on or about July 15, 2015.  A complete and accurate copy of

this July 22, 2015, contract is attached to this Complaint as Exhibit 4, and is incorporated herein by reference.

45.     The contract between defendant What Works Studio, LLC and plaintiff BFAI dated July 22, 2015, Exhibit 4 to this Complaint, included a paragraph entitled "For Consideration," which stated that defendant Brooke Allen and defendant Justin Allen "have agreed to postpone discussions about potential ownership and/or partnership scenarios concerning LightCityU until after the completion and evaluation of the 2016 production," and that at that time, defendant Brooke Allen and defendant Justin Allen "retain the right to negotiate for an ownership stake in LightCityU."  Exhibit 4, at 2-3.

46.     After reviewing the July 22, 2015, contract, Exhibit 4 to this Complaint, plaintiff Mayor and City Council informed plaintiff BFAI that it could not agree to give defendants Brooke Allen, Justin Allen, or What Works Studio, LLC any "ownership stake in LightCityU," because such an ownership stake would be inconsistent with the non-profit nature of plaintiff BFAI.

47.     Plaintiff BFAI thereupon informed defendants Brooke Allen, Justin Allen, and What Works Studio, LLC that, even though all those defendants had reserved in the July 22, 2015, contract, Exhibit 4 to this Complaint, was nothing more than a "right to negotiate," plaintiff BFAI would not at the conclusion of Light City Baltimore 2016 enter into any agreement that gave defendants Brooke Allen, Justin Allen, or What Works Studio, LLC any ownership stake in LightCityU.

48.     After discussion of this issue between plaintiff BFAI and defendants Brooke Allen, Justin Allen, and What Works Studio, LLC, defendants proposed to give up their reservation of a right to negotiate for such an ownership stake in return for being provided with

all benefits afforded a sponsor of Light City Baltimore 2016 at the $250,000.00 sponsorship

level, including the right to have the logo of defendant What Works Studio, LLC listed as such a

sponsor, even though defendants Brooke Allen, Justin Allen, and What Works Studio, LLC

would  not make any monetary contribution to Light City Baltimore 2016.

49.     Plaintiff BFAI agreed to this proposal and provided defendants Brooke Allen,

Justin Allen, and What Works Studio, LLC with all the benefits afforded a sponsor of Light City

Baltimore 2016 at the $250,000.00 sponsorship level.

50.     On or about July 31, 2015, defendant What Works Studio, LLC submitted a

contract to plaintiff BFAI and plaintiff BOPA calling for defendant What Works Studio, LLC to

update the Light City Baltimore website.

51.     On or about August 11, plaintiff BFAI executed the contract submitted by What

Works Studio, LLC on or about July 31, 2015.  A complete and accurate copy of this August 11,

2015, contract is attached to this Complaint as Exhibit 5, and is incorporated herein by reference.

52.     To offset the many expenses of developing, planning, organizing, producing,

managing, sponsoring, operating, and raising funds for Light City Baltimore 2016, plaintiff

BFAI and plaintiff BOPA raised money and entered into agreements for sponsorships and

philanthropic support, in the total amount of approximately $3,400,000.00.   Attached to this

Complaint as Exhibit 6 is a complete and accurate copy of the Financial Statement And

Independent Auditors' Report for plaintiff BFAI for August 31, 2015, and 2014, reflecting the

money raised and money expended in connection with Light City Baltimore 2016 during that

time.

53.     Plaintiff BFAI and plaintiff BOPA organized and managed multiple community

committees in connection with Light City Baltimore 2016, including a steering committee, a

community engagement committee, and an environmental sustainability committee, and organized numerous volunteers to be part of Light City Baltimore 2016.

54.     Plaintiff BFAI and plaintiff BOPA developed, planned, organized, produced, managed, sponsored, operated, and raised funds for all aspects of Light City Baltimore 2016.

55.     Plaintiff Mayor and City Council provided direct and indirect support for Light City Baltimore 2016, including but not limited to providing various City services such as police and traffic control.

56.     Plaintiff BFAI and plaintiff BOPA were on site for 21 days managing the installation and construction of the 1.5-mile light art walk that was open to the public for seven days, along with six days of conferences.

57.     Light City Baltimore 2016 comprised large-scale light installations, illuminated sculptures, projections, interactive exhibits, live performances of various types, live music, numerous food vendors, and conferences focusing on innovation, all centered on Baltimore City's Inner Harbor.

58.     In connection with Light City Baltimore 2016, plaintiff BFAI and plaintiff BOPA widely advertised, distributed, publicized, and otherwise used in all forms of media, including but not limited to online media, print media, radio, and television, all over the Mid-Atlantic area of the United States the trademarks and service marks LIGHT CITY, LIGHT CITY BALTIMORE, LIGHTCITYU, and related logos (hereinafter collectively referred to as the "LIGHT CITY Marks").

59.      Plaintiff BFAI and plaintiff BOPA were the first to use the LIGHT CITY Marks in commerce.

60.     At all times, plaintiff BFAI and plaintiff BOPA controlled all aspects of the goods and services relating to the LIGHT CITY Marks.

61.     Under the contracts entered into by defendant What Works Studio, LLC and plaintiff BFAI, Exhibits 2, 4 & 5 to this Complaint, plaintiff BFAI and plaintiff BOPA paid defendant What Works Studio, LLC in excess of $170,000.00.

62.     As part of its obligations under its contracts with BFAI, Exhibits 2, 4, & 5 to this Complaint, as alleged above, defendant What Works Studio, LLC undertook to book speakers for the conference portion of Light City Baltimore 2016 and to handle all the logistics relating to the appearance of those speakers at Light City Baltimore 2016.

63.     By in or about January 2016, defendant What Works Studio, LLC had failed to meets its contractual obligation to book speakers for the conference portion of Light City Baltimore 2016 and to handle the logistics relating to the appearance of those speakers at Light City Baltimore 2016, thereby jeopardizing the conference portion of the festival and the overall success of the festival.

64.     As a direct and proximate result of this failure by defendant What Works Studio, LLC to fulfill its contractual obligations in this regard, plaintiff BFAI and plaintiff BOPA were required to take over and perform the contractual duties of What Works Studio, LLC to book speakers for the conference portion of Light City Baltimore 2016 and to handle all the logistics relating to the appearance of those speakers at Light City Baltimore 2016.

65.     Light City Baltimore 2016 was the first large-scale light festival held in the United States.

66.     In its initial year, 2016, Light City Baltimore was a resounding success, attracting more than 400,000 persons over seven nights.

67.     After Light City Baltimore 2016 concluded, plaintiff BFAI and plaintiff BOPA on behalf of plaintiff Mayor and City Council analyzed Light City Baltimore 2016 to help them determine whether to conduct the Light City Baltimore festival in future years.

68.     As part of this analysis, plaintiff BFAI and plaintiff BOPA on behalf of plaintiff Mayor and City Council debriefed partner organizations, such as Visit Baltimore, neighborhood associations, and restaurant and hotel groups about Light City Baltimore 2016.

69.     Plaintiff BFAI and plaintiff BOPA on behalf of plaintiff Mayor and City Council also held public feedback sessions regarding Light City Baltimore 2016.

70.     Plaintiff BFAI and plaintiff BOPA on behalf of plaintiff Mayor and City Council also retained an independent analytics firm to conduct a demographic survey and provide an economic impact report relating to Light City Baltimore 2016.

71.     As a result of this analysis, plaintiff Mayor and City Council decided to include within the scope of work that plaintiff BFAI and plaintiff BOPA perform on behalf of plaintiff Mayor and City Council the tasks of developing, planning, organizing, producing, managing, sponsoring, operating, and raising funds for Light City Baltimore 2017, with an eye to making the Light City Baltimore festival an annual event.

72.     Plaintiff BFAI and plaintiff BOPA decided to undertake Light City Baltimore 2017 on behalf of plaintiff Mayor and City Council even though Light City Baltimore 2016 lost approximately $400,000.00, because Light City Baltimore 2016 brought many economic and other benefits to Baltimore City and because it is not unusual for such festivals to run a deficit in their first year.

73.     Plaintiff BFAI and plaintiff BOPA on behalf of plaintiff Mayor and City Council have expanded Light City Baltimore 2017 to nine nights from seven in 2016, with six daytime

conference tracks (an increase from four tracks in 2016), and involving eight Baltimore neighborhoods (an increase from five neighborhoods in 2016).

74.     As of the date of the filing of this Complaint, plaintiff BFAI and plaintiff BOPA on behalf of plaintiff Mayor and City Council are in the process of developing, planning, organizing, producing, managing, sponsoring, and raising funds for Light City Baltimore 2017, which is planned to occur March 31, 2017, through April 8, 2017.

75.     On March 4, 2016, plaintiff BFAI filed applications to register various of the LIGHT CITY Marks with the United States Patent & Trademark Office.  Complete and accurate copies of these applications are attached to this Complaint as Exhibits 7, 8, 9 & 10, respectively, and are incorporated herein by reference.

76.     The attached applications and exhibits are:  Application No. 86/928961 for LIGHT CITY, Exhibit 7; Application No. 86/928965 for LIGHT CITY (stylized), Exhibit 8; Application No. 86/928966 for LIGHT CITY BALTIMORE (stylized), Exhibit 9; and Application No. 86/928968 for LIGHTCITYU (stylized), Exhibit 10.

77.     Plaintiff BFAI filed all of these applications, Exhibits 7, 8, 9 & 10 to this Complaint, in connection with "organizing community festivals featuring a variety of activities, namely, art festivals, light shows, and music concerts; educational services, namely, conducting conferences and workshops in the field of education, technology, culture and entertainment; art exhibitions, organizing light, music, art, and innovation festivals and events for cultural or entertainment purposes; entertainment in the nature of light shows; entertainment, namely, live music concerts; entertainment services in the nature of organizing social entertainment events; organization of exhibitions for cultural or educational purposes."   Exhibit 7.

78.     Plaintiff BFAI has assigned to plaintiff BOPA a one-half interest in the LIGHT CITY Marks and in any claims arising from or relating to the LIGHT CITY Marks.

79.     Plaintiff BFAI and plaintiff BOPA have entered into an agreement with plaintiff Mayor and City Council not to transfer, assign, license, edit, adapt, transform, create derivative works from, reproduce, or grant any rights in or to the LIGHT CITY Marks without the express written permission of plaintiff Mayor and City Council, and not to move the Light City Baltimore festival outside the City of Baltimore.

80.     Defendants Brooke Allen, Justin Allen, and What Works Studio, LLC, jointly and severally, commencing in 2016 and continuing through the date of the filing of this Complaint, have repeatedly claimed that they, or some combination of them, own the LIGHT CITY Marks, and have repeatedly claimed that neither BFAI nor BOPA have any ownership interest or right in the LIGHT CITY Marks.

81.     Defendants Brooke Allen, Justin Allen, and What Works Studio, LLC, jointly and severally, have used, copied, and imitated plaintiffs' LIGHT CITY Marks to promote their business activities and obtain new business ventures, asserting that defendants or any of them own the LIGHT CITY Marks.

82.     On or about July 1, 2016, defendant Brooke Allen, defendant Justin Allen, and defendant What Works Studio, LLC, jointly and severally, filed Articles of Organization with the Maryland Department of Assessments and Taxation for an entity known as "Light City, LLC." A true and accurate copy of these Articles of Organization is attached hereto as Exhibit 11, and incorporated herein by reference.

83.     On information and belief, plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA allege that defendant Brooke Allen, defendant Justin Allen, defendant What

Works Studio, LLC, and defendant Light City, LLC, jointly and severally, are doing business as "Light City, LLC."

84.     Defendant Brooke Allen, defendant Justin Allen, and defendant What Works Studio, LLC have filed with the United States Trademark Trial and Appeal Board a request for an extension of time in which to oppose the registration of the LIGHTCITYU Marks by plaintiff BFAI and plaintiff BOPA.

85.     Defendant Brooke Allen, defendant Justin Allen, defendant What Works Studio, LLC, and defendant Light City, LLC, jointly and severally, took control of three social media accounts that plaintiff BFAI and plaintiff BOPA own, including but not limited to one of the Light City Baltimore Twitter accounts, and denied plaintiff BFAI and plaintiff BOPA access to such accounts.

86.     An actual controversy exists between plaintiffs and defendants regarding the ownership of the LIGHT CITY Marks, within the meaning of 28 U.S.C. § 2201.

## CLAIM ONE
### (Lanham Act, 15 U.S.C. 1125(a))

87.     Plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA repeat and reallege the preceding paragraphs of this Complaint.

88.     Plaintiff BFAI and plaintiff BOPA own common-law trademark rights in the LIGHT CITY Marks through the United States and in the State of Maryland.

89.     Plaintiff Mayor and City Council has a real and substantial interest in having this Court determine that plaintiff BFAI and plaintiff BOPA own the LIGHT CITY Marks, so as to protect the interest of plaintiff Mayor and City Council in Light City Baltimore festivals to be held in the City of Baltimore on a regular basis in the future, including in 2017, and to protect the

ability of plaintiff BFAI and plaintiff BOPA to make use of the LIGHT CITY Marks on behalf of plaintiff Mayor and City Council in connection with such festivals.

90.     The LIGHT CITY Marks that plaintiff BFAI and plaintiff BOPA own are distinctive when used in connection with light festivals and conference events by virtue of the substantially exclusive and extensive use of the LIGHT CITY Marks in commerce by plaintiff BFAI and plaintiff BOPA and their authorized licensees.

91.     The copying, imitation, and use of plaintiffs' LIGHT CITY Marks to promote the business activities of defendants is without the permission, license, or authority of plaintiff BFAI and plaintiff BOPA.

92.     The activities of defendants in using, imitating, and copying plaintiffs' LIGHT CITY Marks are likely to lead to and result in consumer confusion, mistake, or deception, and are likely to cause consumers to believe that defendants own the  LIGHT CITY Marks, while simultaneously causing consumers to believe plaintiff BFAI or plaintiff BOPA is the source of, or has authorized, licensed, or is otherwise connected or affiliated with, defendants' business activities, all to the detriment of plaintiff BFAI and plaintiff  BOPA.

93.     The acts of defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, as alleged herein violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

94.     The acts of defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, in using, imitating, and copying plaintiffs' LIGHT CITY Marks as alleged herein are and continue to be willful.

95.     As a direct and proximate result of the conduct of defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, as alleged herein,

plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA have sustained and will continue to sustain substantial damages.

96.     As a direct and proximate result of the conduct of defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, as alleged herein, plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA have sustained and will continue to sustain irreparable injury for which no adequate remedy at law exists.

97.     An actual controversy with regard to the ownership of the LIGHT CITY Marks exists, within the meaning of 28 U.S.C. § 2201.

## CLAIM TWO
### (Unfair Competition; Maryland law)

98.     Plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA repeat and reallege the preceding paragraphs of this Complaint.

99.     Plaintiff BFAI and plaintiff BOPA own common-law trademark rights in the LIGHT CITY Marks throughout the United States and in the State of Maryland.

100.    Plaintiff Mayor and City Council has a real and substantial stake in preventing unfair competition that causes confusion among the public with regard to the LIGHT CITY Marks.

101.    The conduct of defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, in using the LIGHT CITY Marks as their own and claiming exclusive ownership of  the LIGHT CITY Marks is for the purpose of trading off the reputation and goodwill of plaintiff  BFAI and plaintiff  BOPA, and is likely to cause confusion among the public and to damage the reputation of plaintiff Mayor and City Council, plaintiff BFAI, plaintiff BOPA, and the Light City Baltimore festival, and is likely to damage the good

will that plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA have developed in the LIGHT CITY Marks.

102.   The acts of defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, as alleged herein constitute unfair competition under Maryland common law.

103.   The acts of defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, in using, imitating, and copying the LIGHT CITY Marks as alleged herein are and continue to be willful.

104.   As a direct and proximate result of the conduct of defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, as alleged herein, plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA have sustained and will continue to sustain substantial damages.

105.   As a direct and proximate result of the conduct of defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, as alleged herein, plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA have sustained and will continue to sustain irreparable injury for which no adequate remedy at law exists.

## RELIEF REQUESTED UNDER BOTH CLAIMS

WHEREFORE plaintiff BFAI and BOPA respectfully request that this Court enter judgment in favor of plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA, and against defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, as follows:

(A)   Temporarily, preliminarily, and permanently enjoining defendants; defendants' officers, directors, agents, attorneys, servants, employees, subsidiaries, affiliates,

assigns, and licensees; anyone in active concert or participation with any of them; and anyone having actual or constructive knowledge of the terms of this Court's Order, jointly and severally, from:

(1)     infringing or using the LIGHT CITY  Marks or any mark confusingly similar thereto, in connection with the advertising, promotion, offering for sale, or sale of any product or service;

(2)     infringing or using the LIGHT CITY Marks or any confusingly similar mark thereto;

(3)     falsely designating, falsely describing, falsely advertising, or falsely representing that any of the products or services of defendants Brooke Allen, Justin Allen, What Works Studio, LLC, or Light City LLC are connected with plaintiff BFAI or plaintiff  BOPA, or are authorized, sponsored, endorsed, or approved by plaintiff BFAI or plaintiff  BOPA; or

(4)     unfairly competing with plaintiff BFAI or plaintiff BOPA;

(5)     using or attempting to use, any social media accounts relating to Light City Baltimore, including but not limited to each of the Light City Twitter accounts, or interfering with the access or use of such social media accounts by plaintiff BFAI or plaintiff BOPA;

(6) opposing or seeking to delay any and all applications filed by plaintiff BFAI or plaintiff BOPA to register any of the LIGHT CITY Marks at the federal or state level;

(B)     Requiring defendants jointly and severally to take all steps necessary to transfer to plaintiff BFAI and plaintiff BOPA any and all social media accounts associated with Light City Baltimore, including but not limited to the Light City Twitter account;

(C)     Requiring defendants jointly and severally to account for and pay over to plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA all gains, profits, and advantages derived from defendants' wrongful acts;

(D)     Awarding compensatory damages to plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA in an amount to be determined at trial;

(E)     Awarding punitive damages to plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff BOPA in an amount to be determined at trial;

(F)     Awarding costs, disbursements, and attorney's fees to plaintiff BFAI and plaintiff BOPA, pursuant to 15 U.S.C. § 1117;

(G)     Entering a judgment declaring that plaintiff BFAI and plaintiff BOPA are the exclusive owners of all rights in the LIGHT CITY Marks throughout the United States, including but not limited to in the State of Maryland, and that defendants Brooke Allen, Justin Allen, What Works Studio, LLC, and Light City, LLC, jointly and severally, possess no rights whatsoever in the LIGHT CITY Marks; and

(H)     Awarding plaintiff Mayor and City Council, plaintiff BFAI, and plaintiff

BOPA such other and further relief as the Court deems just and proper.

Date: October 19, 2016                              /s/_____
                                                    David Ralph
                                                    Acting City Solicitor
                                                    Matthew Nayden   Fed. Bar No. 04751
                                                    Chief, Litigation Practice Group
                                                    Baltimore City Law Department
                                                    Room 101
                                                    City Hall
                                                    100 North Holliday Street
                                                    Baltimore, Maryland 21202
                                                    Tel: (443) 984-7304
                                                    Fax: (410) 547-1025
                                                    E-mail:Matthew.Nayden@baltimorecity.gov

                                                    *Attorneys for Plaintiff Mayor and City
                                                    Council of Baltimore City, A Municipal
                                                    Corporation*


                                                    /s/_____
                                                    William Alden McDaniel, Jr.
                                                       Fed. Bar No. 000571
                                                    Ballard Spahr LLP
                                                    300 East Lombard Street, 18th Floor
                                                    Baltimore, Maryland 21202
                                                    Tel: 410. 528-5600
                                                    Fax: 410.528-5650
                                                    E-mail: mcdanielw@ballardspahr.com

                                                    **OF COUNSEL:**
                                                    Jamie Bischoff
                                                    Ballard Spahr LLP
                                                    1735 Market Street, 51st Floor
                                                    Philadelphia, Pennsylvania 19103
                                                    Tel: 215.665.8500
                                                    Fax: 215.864.8999
                                                    E-mail:  bischoff@ballardspahr.com

                                                    *Attorneys for Plaintiffs Baltimore Festival of
                                                    The Arts, Inc. and Baltimore Office of
                                                    Promotion & The Arts, Inc.*