# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF  
BETH P. GESNER  
UNITED STATES MAGISTRATE JUDGE  
MDD_BPGchambers@mdd.uscourts.gov  

101 WEST LOMBARD STREET  
BALTIMORE, MARYLAND 21201  
(410) 962-4288  
(410) 962-3844 FAX

December 9, 2016

### ORDER SCHEDULING SETTLEMENT CONFERENCE

David E. Ralph, Esquire  
Matthew W. Nayden, Esquire  
Baltimore City Law Department  
100 N. Holliday Street  
Baltimore, MD  21202  

Jamie B. Bischoff, Esquire  
Ballard Spahr, LLP  
1735 Market Street, 51st Floor  
Philadelphia, PA  19103  

Michelle McGeogh, Esquire  
William A. McDaniel, Jr., Esquire  
Ballard Spahr, LLP  
300 E. Lombard Street, 18th Floor  
Baltimore, MD  21202  

Arthur A. Ebbs, Esquire  
Womble, Carlyle, Sandridge & Rice  
271 17th Street, N.W., Suite 2400  
Atlanta, GA  30363  

Julie A. Hopkins, Esquire  
Womble, Carlyle, Sandridge & Rice  
100 Light Street, 26th Floor  
Baltimore, MD  21202  

RE:  Mayor and City Council of Baltimore City, et al. v. Brooke Allen, et al.  
Civil No. ELH-16-3486

Dear Counsel:

Please be advised that a settlement conference in the above-entitled case is scheduled for **Monday, April 10, 2017, at 10:00 a.m.** and will be held in my chambers (Room 7C).  If any of you have a conflict with this date, you should submit a letter to my chambers, **within one week of this letter,** requesting rescheduling and include alternate dates for the conference which you have confirmed are acceptable to all parties.  Please review this letter carefully, as it is an Order of the Court that establishes certain prerequisites that must be fulfilled prior to the commencement of the settlement conference.

**PLEASE NOTE**:  It is essential that the parties, or in the case of a corporation,

<u>Mayor and City Council of Baltimore City, et al. v. Brooke Allen, et al.</u>
Civil No. ELH-16-3486
December 9, 2016
Page 2

partnership, or government entity, a representative, with <u>complete authority</u> to enter into a binding settlement, be present in person. A person with "complete authority" is someone who has the experience and judgment to exercise that authority ***without having to consult with anyone who is not in attendance at the settlement conference***.[1]  Attendance by the attorney for a party is <u>not</u> sufficient.   Please also be advised that the conference may take the entire day, and all those in attendance should plan accordingly.

No later than **March 27, 2017**, I would like to receive by regular mail, hand delivery, or email (<u>mdd_bpgchambers@mdd.uscourts.gov</u>), a short <u>ex</u> <u>parte</u> letter, **NOT TO EXCEED FIVE PAGES**, from each party candidly setting forth the following:

(1)  facts you believe you can prove at trial;

(2)  the major weaknesses in each side's case, both factual and legal;

(3)  reference to any pending dispositive or other motions that would have a **significant** effect on settlement for the Court to review prior to settlement **(please include a copy of the motion(s) and the paper number(s) and highlight and tab the relevant portions);**

(4)  an evaluation of the maximum and minimum damage awards you believe likely;

(5)  the history of any settlement negotiations to date; and

(6)  estimate of attorneys' fees and costs of litigation through trial.

If you wish me to review any deposition excerpts or exhibits, attach a hard copy to your letter. **For *all* attachments which are more than two pages in length (particularly deposition excerpts) place them in a binder, with a table of contents, and highlight and tab the portions that you want me to review**. I also will review the pleadings in the court file. Additionally, if you wish for me to review any case authorities that you believe are critical to your evaluation of the case, please identify them. A paper copy of all attachments <u>exceeding 15 pages</u> should be mailed or hand delivered to chambers.

---

[1] This requirement will only be waived upon a showing of exceptional circumstances.  If counsel believes that such circumstances exist, a letter detailing why this Court should excuse the representative from personal attendance should be electronically filed for my consideration <u>at least</u> two weeks before the scheduled settlement conference or immediately upon learning of the extenuating circumstance(s), whichever event is sooner.

<u>Mayor and City Council of Baltimore City, et al. v. Brooke Allen, et al.</u>
Civil No. ELH-16-3486
December 9, 2016
Page 3

**In addition to submitting <u>ex</u> <u>parte</u> letters as required above, the parties shall exchange written settlement demands/responses prior to the commencement of the settlement conference.** First, Plaintiff shall forward a written settlement demand to the Defendant(s) no later than one month prior to the settlement conference. Plaintiff's demand shall particularize, at a minimum, each category of damages claimed and the method by which it was calculated, as required by Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure. Plaintiff's demand also shall include any request for non-monetary relief and the explanation and basis therefore. Defendant(s) shall respond, also in writing, within one week of receiving the demand. The response shall address each category of damages claimed and shall likewise identify any evidentiary support for Defendant(s)' response. If the Defendant(s) intends to respond to the demand by offering nothing, that shall be expressly stated and the response will include an explanation for this position. ***THIS CORRESPONDENCE BETWEEN THE PARTIES SHALL BE INCLUDED WITH THE <u>EX</u> <u>PARTE</u> LETTERS SUBMITTED TO THE COURT.*** **Failure to comply with the requirements of this paragraph may result in the postponement or continuation of the settlement conference.**

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d).

Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has recently issued a Formal Opinion (No. 93-370) which precludes a lawyer, **ABSENT INFORMED CLIENT CONSENT,** from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

Despite the informal nature of this letter, it is an Order of the Court and will be docketed accordingly.

Very truly yours,

/s/

Beth P. Gesner
United States Magistrate Judge

cc:     Judge Hollander