FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

**UNITED STATES DISTRICT COURT** 2017 FEB 21 PM 3: 30
**FOR THE DISTRICT OF MARYLAND**
(Northern Division)

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

| | |
|---|---|
| MAYOR AND CITY COUNCIL OF BALTIMORE CITY, A MUNICIPAL CORPORATION, *et al.*, | ) ) ) ) |
| *Plaintiffs, Counter-Claim Defendants,* | ) ) ) |
| v. | ) ) |
| BROOKE ALLEN, *et al.*, | ) ) ) |
| *Defendants, Counter-Claim Plaintiffs.* | ) ) ) ) |

Civil Action No. 16-03486-ELH

## STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER

Pursuant to RULE 26(c) of the FEDERAL RULES OF CIVIL PROCEDURE, the parties having

consented to the entry of a protective order in this form without further notice, and the Court

having found that the discovery of information that is confidential or proprietary has been or may

be requested in this action and that the disclosure and distribution of such information should be

reasonably restricted, the Court finds that good cause exists for the entry of this Order.

**IT IS, THEREFORE, STIPULATED, AGREED AND ORDERED** that the parties,

their representatives, agents, experts, and consultants, and any other interested persons, including

non-parties from whom information may be sought in discovery, shall be entitled to the benefits

of and adhere to the following terms regarding documents, data, and other information and

tangible things that are produced, made available for inspection, disclosed, or filed in this case:

1.      Documents and information produced during the course of discovery proceedings in this action designated as "Confidential" shall be used by the parties and counsel therefor solely for the purpose of this litigation, that is, to assert or defend against claims based upon the subject matter of this action and not for any other litigation or proceeding, or for any business, commercial, competitive, personal, or other purpose.

2.      The protection afforded by this Order shall in no way affect a party's or non-party's right to withhold documents as privileged under the attorney-client or other privilege, or as otherwise exempted from discovery under FED. RULE CIV. PRO. 26, provided that party produces a privilege log.

3.      Parties and non-parties may designate material as "Confidential" and be entitled to the protections set forth in this Order. Nothing in this Order, however, grants non-parties access to the materials produced by others.

4.      All documents and information produced by any party or non-party in the course of discovery in this action (hereinafter the "Producing Entity") and designated "Confidential" as set forth herein shall not be used or disclosed except as expressly permitted hereunder.

5.      A Producing Entity may designate any document or other material produced during discovery in this case, including deposition transcripts as specified below (the "Discovery Material") that contains nonpublic proprietary, business, security, and/or personal information that is confidential and sensitive in nature to the Producing Entity or to a person to whom the Producing Entity owes a duty of confidentiality as "Confidential." "Confidential Material," as used herein, shall refer to any Discovery Material so designated and any copies, extracts, summaries, characterizations, or précis thereof, and shall also refer to the information contained therein.

6.     Discovery Materials may be designated "Confidential" by (i) stamping or otherwise marking "Confidential" on each page of the material in a manner that will not interfere with its legibility; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material (e.g., CD-ROM, floppy disk, DVD).

7.     Confidential Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     The parties in this action and their respective directors, officers, employees and agents who are assisting with or making decisions concerning this action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of this action;

(b)     Counsel who represent the parties in this action (including in-house counsel) and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the action;

(c)     Persons retained by the parties or counsel for the parties to serve as expert witnesses or otherwise to provide advice to counsel in connection with this action (referred to as "Consultants"), provided such persons have signed an acknowledgement under penalty of perjury in the form annexed hereto

as Exhibit A, attesting to the fact that they have read this Order and agree to be bound by its terms;

(d)     Stenographers engaged to transcribe depositions or other testimony conducted in this action;

(e)     The Court and its support personnel;

(f)     A witness or deponent, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony, provided such persons have signed an acknowledgment under penalty of perjury in the form annexed hereto as Exhibit A, attesting to the fact that they have read this Order and agree to be bound by its terms;

(g)     Any person indicated on the face of a document or accompanying covering letter, e-mail, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, summaries of meeting minutes or meeting notes, an attendee of the meeting; and

(h)     Any other person only upon (i) order of the Court entered upon notice to the parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such other person signs an acknowledgment under penalty of perjury in the form annexed hereto as Exhibit A, attesting to the fact that they have read this Order and agree to be bound by its term.

8.      During any deposition noticed in connection with this case, a witness or any counsel may indicate on the record that a question calls for an answer that would reveal Confidential Material.  Such Confidential Material may be so designated either:

> (a)     During the deposition, in which case counsel may request all persons, except persons entitled to receive Confidential Material pursuant to this Order, to leave the room where the deposition is proceeding until completion of the answer or answers containing Confidential Material, and the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Material Governed by Protective Order" by the court reporter; or

> (b)     After the deposition, by notice to the court reporter, the witness, counsel of record, any other person in attendance at the deposition, and any other person who has received those portions of the deposition transcript to be designated as Confidential Material, given in writing within ten (10) days after the date of the reporter's written notice to the deponent or deponents' counsel that the transcript is available for review, in which case the reporter and all persons receiving notice of the designation shall be responsible for marking the copies of the transcript in their possession, custody, or control as directed by the designating party.

9.      Persons described in paragraph 7, above, shall be strictly restricted to using Confidential Material only for purposes directly related to this action and not for any other purpose whatsoever, including, but not limited to, in any litigation, arbitration, mediation, proceeding; and for any other business, commercial, competitive, personal, or other purpose.

10.     Photocopies, extracts, summaries, précis, or written characterizations of Confidential Materials shall be made only to the extent necessary to facilitate the use permitted by this Order.

11.     Prior to any disclosure of Confidential Material to any person retained as a Consultant pursuant to subparagraph 7(c) above, counsel retaining such person shall cause such person to read this Order and sign an acknowledgment under penalty of perjury in the form annexed hereto as Exhibit A, attesting to the fact that the Consultant has read this Order and agrees to be bound by its terms. Counsel shall retain the signed acknowledgement, hold it in escrow, and produce it to opposing counsel upon request.

12.     All Confidential Material that is filed with the Court, and any pleadings or other papers filed with the Court disclosing Confidential Material, shall be filed under seal pursuant to the Local Rules of this Court. The parties agree to file under seal only those portions of any such pleadings or other papers that disclose Confidential Material. Unless the Local Rules of this Court otherwise require, such Confidential Material or pleadings or other papers that disclose Confidential Material shall be electronically filed under seal. If paper copies of the filing are required, the portion of the Confidential Material or of the pleadings or other papers disclosing Confidential Material shall be placed in a sealed envelope bearing on its face the designation "Confidential Material," the caption of the case, and a statement that it is being filed pursuant to this Order. Such filing shall be accompanied by a concise inventory of its contents for docketing purposes that does not disclose the Confidential Material. Any such filing under seal shall remain under seal pending an Order of this Court unsealing the filing.

13.     In the event that any party disagrees with the designation by the Producing Entity of any Discovery Material as "Confidential," such party or such party's counsel shall advise

counsel for the Producing Entity in writing of the objection and identify the Discovery Materials with sufficient specificity to permit the other to identify it. Within ten (10) days of receiving this written objection, the Producing Entity shall advise whether it will remove the "Confidential" designation. If the matter cannot be resolved, the dispute may be presented to the Court by motion or otherwise as the Court directs. In the event of such a dispute, the party asserting confidentiality shall have the burden to justify the designation as "Confidential." During the pendency of any such dispute, the designated Discovery Material shall continue to be treated as Confidential Material, subject to the provisions of this Order.

14.     Within thirty (30) days of the resolution of this action by settlement or final judgment no longer subject to appeal, all Confidential Material shall be promptly returned to the Producing Entity or in the alternative may, with the prior consent of the Producing Entity, be destroyed, provided that the party, person, or entity so destroying the Confidential Material certifies in writing to the Producing Entity within five (5) days of the destruction thereof that all Confidential Materials have been so destroyed.

15.     Also within thirty (30) days of the resolution of this action by settlement or final judgment no longer subject to appeal, all Confidential Material contained in or reflected in any materials protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege created by law or legal doctrine, may either be transmitted to the Producing Entity or destroyed, as the party, entity, or person who holds the applicable privilege may determine, provided that the party, person, or entity so destroying the Confidential Material certifies in writing to the Producing Entity within five (5) days of the destruction thereof that all Confidential Materials have been so destroyed.

16.     The Clerk is hereby authorized to return to counsel or destroy any sealed material filed with the Court upon the conclusion of the litigation.

17.     Nothing contained herein shall preclude the Producing Entity from using that Entity's own Confidential Materials in any manner that Entity sees fit, or from revealing such Confidential Material as that Entity chooses, without the prior consent of any other party or of the Court.

18.     Notwithstanding anything to the contrary that may be set forth herein, each Producing Entity shall have the right to object to any discovery request on any grounds permitted by rule or law, or to apply to the Court at any time for an order granting other or additional protective relief with respect to any confidential, proprietary, or privileged material.

19.     This Order shall not be construed to require any Producing Entity to produce any Discovery Material or other documents or information not relevant to the claims or defenses of any party to this action, not proportional to the needs of the case as defined by FED. RULE CIV. PRO. 26(b)(1), or protected from such disclosure by the attorney-client privilege, the attorney work-product doctrine, or any applicable law or legal doctrine.

20.     Inadvertent disclosure by a Producing Entity of any Discovery Material without a designation of "Confidential" shall *not* in any way operate as a waiver of the Producing Entity's right to assert "Confidential" status as to such information. A Producing Entity may designate as "Confidential" any Discovery Materials inadvertently produced without such designation by identifying in writing to the other parties and to any other person or entity who or which received the inadvertently disclosed Discovery Materials, those Discovery Materials to be treated as "Confidential" pursuant to this Order. Upon receipt of such written identification by the other parties or by the other person or entity who or which received the inadvertently disclosed

DMEAST #28310876 v1                                 8

Discovery Materials, such Discovery Materials and all extracts, summaries, précis, or written characterizations thereof shall be treated for all intents and purposes as Confidential Materials under the terms of this Order, and shall be so marked by the parties and any other person or entity who or which received them.

21.     Inadvertent production by the Producing Entity of Discovery Materials that the Producing Entity wishes to claim are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege established by law or legal doctrine, shall *not* operate in any way to waive any rights to assert such privilege(s) with respect to such Discovery Materials. Nor shall such inadvertent disclosure operate as a subject matter waiver for purposes of applying such privileges. Within five (5) business days after the Producing Entity has in writing identified to any party or person or entity who or which received such Discovery Materials that portion of the Discovery Materials as to which the Producing Entity is asserting such privilege(s), (a) the party, person, or entity so notified must return to the Producing Entity the item(s) as to which the Producing Party is asserting privilege and all copies, extracts, summaries, précis, or written characterizations thereof; or may, at its election, destroy the item(s) and all extracts, summaries, précis, or written characterizations thereof, provided it certifies in writing to the Producing Entity within five (5) days of such destruction that it has done so; and (b) the Producing Entity must supplement its privilege log within five (5) business days after discovering the inadvertent production with respect to such Discovery Materials. Nothing in this Order shall in any way alter the obligations of any party, person, entity, or counsel who or which receives materials that it should in the exercise of due care know are privileged.

22.     If either party or its counsel, or any person or entity that received Confidential Materials pursuant to the terms of this Order, receives a document request issued in litigation or arbitration, a subpoena, or some other process from any person (including but not limited to natural persons, corporations, partnerships, firms, and governmental agencies, departments or bodies, boards, or associations) seeking production of Confidential Material, then the party, entity, or person or counsel shall immediately give written notice to the Producing Entity or its counsel by overnight courier, hand-delivery, e-mail, or facsimile transmission of such request, subpoena or other process, identifying the materials sought and enclosing a copy of the request, subpoena , or other process.  In no event shall production or other disclosure be made before the Producing Entity or its counsel has received the aforementioned notice and has had a reasonable opportunity to move to seek an order regarding such production in the appropriate forum.

23.     The provisions of this Order and the obligation to retain the confidentiality of the Confidential Material produced hereunder, absent further Order of this Court or the statement in writing of the Producing Entity or its counsel to the contrary, shall survive and continue to be binding after the conclusion of this action.  This Court shall retain jurisdiction over the parties to the extent necessary to enforce the terms of this Order.

SO ORDERED, THIS _21st_ DAY OF _Feb_ , 2017.

_Ellen L. Hollander_

**JUDGE, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

AGREED AND CONSENTED TO:

_____/s/_____

William Alden McDaniel, Jr.
Fed. Bar No. 000571
Ballard Spahr LLP
300 East Lombard Street, 18th Floor
Baltimore, Maryland 21202
Tel: 410. 528-5600
Fax: 410. 528-5650
E-mail: mcdanielw@ballardspahr.com

_____/s/_____

Jamie Bischoff
*Pro Hac Vice*
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
Tel: 215.665.8500
Fax: 215.864.8999
*E-mail:  bischoff@ballardspahr.com*

*Attorneys for Plaintiffs, Counterclaim
Defendants, Mayor And City Council Of
Baltimore, A Municipal Corporation;
Baltimore Festival Of The Arts, Inc.; and
Baltimore Office Of Promotion & The Arts,
Inc.*

_____/s/_____

*David Ralph
Acting City Solicitor
Matthew Nayden   Fed. Bar No. 04751
Chief, Litigation Practice Group
Baltimore City Law Department
Room 101
City Hall
100 North Holliday Street
Baltimore, Maryland 21202
Tel: (443) 984-7304
Fax: (410) 547-1025
E-mail:Matthew.Nayden@baltimorecity.gov*

*Attorneys for Plaintiff, Counterclaim
Defendant Mayor and City Council of*

Baltimore City, A Municipal Corporation

_____/s/_____

Julie A. Hopkins, Esquire
Womble Carlyle Sandridge & Rice, LLP
100 Light Street
26th Floor
Baltimore, MD 21202

*Attorneys for Defendants / Counterclaim
Plaintiffs*

_____/s/_____

Arthur A. Ebbs, Esquire
*Pro Hac Vice*
Womble Carlyle Sandridge & Rice, LLP
271 17th Street NW
Suite 2400
Atlanta, Georgia 30363

*Attorneys for Defendants / Counterclaim
Plaintiffs*

**Exhibit A**

**Acknowledgment of Receipt of**
**Confidentiality Order and Contempt for Violation of Order**

The undersigned hereby acknowledges receipt of a copy of the Stipulated Confidentiality

and Protective Order (the "Confidentiality Order") entered by the Court in *Mayor and City*

*Council of Baltimore City, et al. v. Brooke Allen, et al.*, Civil Action No. 16-03486-ELH (D.

Md.). The undersigned states that he or she has read, fully understands, and agrees to be bound

by the provisions of said Confidentiality Order with respect to documents or information

designated "Confidential," including the prohibition on the communication of any information

contained in such documents or information except pursuant to the explicit terms of the

Confidentiality Order, and is aware that for any violation of the provisions of said

Confidentiality Order, he or she is subject to such penalties as the Court may direct. The

undersigned further expressly acknowledges that the disclosure in any manner of "Confidential"

documents and information other than as allowed by the Confidentiality Order will constitute a

violation of an Order of the Court.


_____

Signature


_____

Name (printed or typed)


_____

Title


_____

Date